IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00859-LTB

**KEITH BODNER**,

    Plaintiff,

v.

**NORTH CONEJOS SCHOOL DISTRICT**,

    Defendant.

### ORDER OF DISMISSAL

Plaintiff Keith Bodner resides in Sanford, Colorado. On April 23, 2015, Plaintiff filed a Complaint against the North Conejos School District (ECF No. 1), which was filed *pro se*. The Court initiated this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331. Plaintiff has been granted leave to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915 (ECF No. 4).

**A.    Applicable Legal Principles**

Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of certain claims. In this regard, Title 28 of the United States Code, section 1915, establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915 requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In addition, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from

a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Plaintiff has been granted leave to proceed IFP in this action (ECF No. 4). Moreover, his Complaint is asserted against an officer or employee of a governmental agency. Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic Corp.*, 550 U.S. at 555.

A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *See also Conkleton v. Raemisch*, Civil No. No. 14–1271, ___ Fed. App'x ___, 2015 WL 794901 (10th Cir. Feb. 26, 2015); *Ross v. Romero*, 191 Fed. App'x 682 (10th Cir. 2006) (affirming district court's *sua sponte* dismissal of civil rights complaint under 28 U.S.C. § 1915(b).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id. Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile. *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

For the reasons stated below, the Complaint and the action will be dismissed pursuant to the screening authority set forth above.

**B.     Plaintiff's Claim**

Plaintiff seeks review of an adverse administrative ruling regarding his claim for state workers' compensation benefits. Specifically, Plaintiff claims that he is entitled to employment benefits because the Defendant failed to advise him before he started employment of a reduction in his pay. He claims that its failure to do so violated his rights as protected by the Due Process Clause of the Fourteenth Amendment. Defendant denied him benefits because Plaintiff quit his job after his pay was reduced, which was without cause and, therefore, it had no duty to pay unemployment benefits. It is unclear whether Plaintiff has appealed this decision.

**C.     Analysis**

Plaintiff's claim is precluded by the *Rooker-Feldman* doctrine, which provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id*. at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). In addition, the *Rooker-Feldman* doctrine applies to claims brought pursuant to 42 U.S.C. § 1983 that allege injury due to a state administrative ruling that has been upheld by a state court. *See Pretlow v. McPherson*, 497 F. App'x 846, 847-48 (10th Cir. 2012).

In the case at bar, Plaintiff requests that this Court find that his Fourteenth Amendment rights were violated. Plaintiff is required to raise this issue on appeal from the denial of his unemployment benefit proceeding. He may not circumvent the proper appeals process by filing an original action in this court. Nor may he seek to remove the action to federal court rather than file a proper appeal.

Any federal claim that Plaintiff's civil rights were violated are inextricably intertwined with the state court judgment and this Court lacks subject matter jurisdiction to review such claim.

### D. Conclusion

This Court lacks subject matter jurisdiction to review Plaintiff's claim. Accordingly, it would be futile to allow him to amend. As such this action will be dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the action is dismissed for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  28th  day of   April   , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court